IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PATRICK COLLINS, INC.** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No.: **PJM 12-350** |
| | * | |
| **JOHN DOES 1-70** | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Patrick Collins, Inc., d/b/a Elegant Angel, has filed this suit against unidentified John Doe Defendants 1 through 70, alleging copyright infringement under 17 U.S.C. § 101 *et seq*.[1]  Specifically, Plaintiff contends that Defendants illegally downloaded and/or uploaded the exact same portion of its copyrighted adult motion picture ("the work").  Several Defendants have filed motions to dismiss the case, to sever for misjoinder or to quash Plaintiff's subpoena [Paper Nos. 8, 11, 14, 18, 19, 22, 23, 24, 28, 29, 31, 33, 35, 38, 40, 41].  For the following reasons, the Court will **GRANT** Defendants' motions **WITHOUT PREJUDICE**, severing all Defendants except Doe 1 from this case.

### I.

Plaintiff claims that Defendants used a file-sharing protocol called BitTorrent to illegally download and/or upload the work over the Internet.  BitTorrent facilitates the sharing of large digital files and operates as follows: A user installs a BitTorrent client (i.e., a software application) on his or her computer and selects a target file, known as a "seed," to share with other "peers."  The client divides the seed into pieces and assigns each a unique string of alphanumeric characters called a "hash."  BitTorrent peers download pieces of the seed, and once

---

[1] On March 19, 2012, the Court approved the voluntary dismissal of the case with prejudice against Doe Defendants 8, 35, and 39.  Doe Defendants 1-7, 9-34, 36-38, and 40-70 are the only remaining Defendants.

1

downloaded, those pieces become available to other peers. Through this process, one piece of a seed may be obtained from multiple peers, not just the user who first made it available to download. Once a peer has obtained all the pieces of a seed, the client reassembles the file by comparing the hash values of each piece. If the reconstituted file is error free, it becomes a new seed.

Plaintiff further alleges that Defendants swapped the exact same piece of the work, as identified by its unique hash value, in the same torrent network. Defendants' illegal downloading and/or uploading, Plaintiff claims, occurred at different times within the space of several weeks.

## II.

Federal Rule of Civil Procedure 20(a)(2) sets forth the requirements for permissive joinder: "Persons . . . may be joined in one action as defendants if: (A) any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Federal courts across the country are divided over whether joinder is proper in cases where defendants have allegedly swapped files via BitTorrent. *See Cintel Films, Inc. v. Does 1-1,052*, No. JFM 8:11-cv-02438, 2012 WL 1142272, at *4 (D. Md. Apr. 4, 2012) (collecting cases). Recent decisions in this judicial district have found joinder to be improper, and the Court finds these decisions persuasive. *See Third Degree Films, Inc. v. Does 1-108*, No. DKC 11-3007, 2012 WL 1514807 (D. Md. Apr. 27, 2012); *SBO Pictures, Inc. v. Does 1-57*, No. RWT 12cv22, 2012 WL 1415523 (D. Md. Apr. 20, 2012); *Cintel Films*, 2012 WL 1142272.

Plaintiff has not shown that Defendants' infringing conduct was part of "the same transaction, occurrence or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2).

Plaintiff's allegation that Defendants shared the exact same piece of the work after it was converted into a seed is insufficient to satisfy Rule 20(a)(2). "[T]he better-reasoned decisions have held that where a plaintiff has not pl[ed] that any defendant shared file pieces directly with one another, the first prong of the permissive joinder is not satisfied." *SBO Pictures*, 2012 WL 1415523, at *2 (citations omitted). Here, Plaintiff never asserts that Defendants downloaded or uploaded the same seed piece exclusively among themselves and thereby acted in concert. Moreover, the distributed nature of the BitTorrent network means that at least some of the Doe Defendants likely obtained the seed piece at issue from users not named in the Complaint. The fact that the alleged infringement occurred over the course of several weeks makes it even more likely that Defendants' conduct was unrelated, albeit similar. Because Plaintiff cannot satisfy the first prong of the permissive joinder test, joinder is improper.

### III.

The Federal Rules make clear that "[m]isjoinder of parties is not a ground for dismissing an action." FED. R. CIV. P. 21. The Court may instead, "[o]n motion or on its own, . . add or drop a party." *Id.* Accordingly, the Court will **GRANT** Defendants' motions to dismiss the case, to sever for misjoinder or to quash Plaintiff's subpoena [Paper Nos. 8, 11, 14, 18, 19, 22, 23, 24, 28, 29, 31, 33, 35, 38, 40, 41] **WITHOUT PREJUDICE**.

A separate Order will **ISSUE**.

_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**May 7, 2012**